JUSTICE KEENAN,
with whom JUSTICE LACY joins, dissenting.
I would hold that the language of Code § 19.2-237 is unambiguous and prohibits a trial court from enforcing a jail sentence in a misdemeanor case in which the defendant has failed to appear and plead. The manifest purpose of this provision is to permit the court to *4 hear and dispose of misdemeanor cases without impairing any defendant’s liberty interests.
If the trial court wishes to retain the discretion to impose a jail sentence on an absent defendant charged with a misdemeanor, the court may issue a capias for the defendant’s arrest and have him brought before the court to enter a plea to the charge and be tried. In the present case, the trial court erred because it imposed a jail sentence on the defendant when he had not appeared for trial, had not entered a plea to the charge, and had not waived his right to trial by jury. The imposition of this sentence violated the clear statutory mandate that when a court tries an absent defendant charged with a misdemeanor “in the same manner as if [the defendant] had appeared, plead not guilty and waived trial by jury, ... the court shall not in any such case enforce a jail sentence.” Code § 19.2-237. Therefore, I would reverse the trial court’s judgment and remand the case for imposition of a sentence that conforms with this statutory restriction.
This order shall be certified to the Court of Appeals of Virginia and to the Circuit Court of Stafford County and shall be published in the Virginia Reports.
A Copy,
Teste:
[[Image here]]
David B. Beach,
Clerk
Costs due the Commonwealth
by appellant in the
Supreme Court of Virginia:
Attorney’s fees: $925.00 plus costs and expenses